1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11   DONALD ROBIN BARREN,                    )
                                           )
12              Petitioner,                 )        2:09-cv-01202-RLH-VCF
                                           )
13   vs.                                    )        **ORDER**
                                           )
14   HOWARD SKOLNIK, *et al.*,              )
                                           )
15              Respondents.                )
     _____/

16

17          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

18   by a Nevada state prisoner.  This matter comes before the Court on the merits of the petition.

19   **I. Procedural History**

20          On November 18, 2005, the Eighth Judicial District Court of Nevada entered a judgment,

21   pursuant to a jury verdict, convicting petitioner of possession of a firearm by an ex-felon in violation

22   of NRS 202.360.  (Exhibit 62).[1]  The state district court found petitioner to be a habitual criminal

23   pursuant to NRS 207.010, and sentenced him to life with the possibility of parole after ten years.

24   (*Id.*).  Petitioner pursued a direct appeal.  (Exhibits 59, 61, 67, 71, 89, 91, 104).  Petitioner, who had

25

26          _____

            [1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 15-17.

1    represented himself during trial, requested permission of the Nevada Supreme Court to represent

2    himself on appeal, and this request was denied.  (Exhibits 61 and 67).  Petitioner was appointed

3    counsel on appeal, and filed an opening brief through counsel.  (Exhibit 89).  On September 25,

4    2007, the Nevada Supreme Court issued its order of affirmance.  (Exhibit 104).  Remittitur was

5    issued on December 12, 2007.  (Exhibit 110).

6         On April 3, 2008, petitioner filed a state post-conviction habeas corpus petition.  (Exhibit

7    117).  Petitioner later amended the petition.  (Exhibit 126).  On August 28, 2008, the state district

8    court issued an order denying the habeas petition.  (Exhibit 132).  Petitioner appealed the denial of

9    his state habeas petition.  (Exhibit 129).  On June 25, 2009, the Nevada Supreme Court issued an

10   order affirming the state district court's denial of petitioner's habeas petition.  (Exhibit 135).

11   Petitioner filed a motion for rehearing, which was granted by the Nevada Supreme Court on August

12   7, 2009.  (Order, ECF No. 22, at p. 4).  On October 21, 2009, the Nevada Supreme Court denied

13   petitioner's motion for rehearing.  (*Id.*, p. 5).

14        Petitioner signed his federal habeas petition on June 30, 2009.  (ECF No. 3).  The petition

15   contains fourteen grounds for relief.  (*Id.*).  Respondents moved to dismiss certain grounds of the

16   petition.  (ECF No. 14).  By order filed April 28, 2010, this Court granted the motion to dismiss,

17   finding that Ground Nine was unexhausted, and the portion of Ground Four alleging that NRS

18   207.010 is unconstitutional in and of itself are unexhausted.  (ECF No. 29).  The Court gave

19   petitioner options for handling his unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 510

20   (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v.*

21   *Ryan*, 564 F.3d 1133 (9th Cir. 2009).  In the same order, this Court granted petitioner's motion to

22   amend the petition by adding Ground 15 (filed at ECF No. 26).  (ECF No. 29).  Also in the order

23   filed April 28, 2010, the Court granted petitioner's motion to expand the record to include the

24   August 7, 2009, and October 21, 2009 orders of the Nevada Supreme Court in case appeal number

25   52076, found as attachments to ECF No. 22).  (ECF No. 29).

26

1    On May 6, 2010, petitioner formally abandoned his unexhausted claims, which included

2    Ground Nine and the portion of Ground Four alleging that NRS 207.010 is unconstitutional in and of

3    itself are unexhausted.  (ECF No. 30).

4    Respondents filed an answer on August 5, 2010.  (ECF No. 39).  Petitioner filed a reply on

5    August 13, 2010.  (ECF No. 40).  On February 7, 2011, the Court denied petitioner's motion for an

6    evidentiary hearing and for expansion of the record.  (ECF No. 49).  By order filed July 28, 2011, the

7    Court denied petitioner's second motion for leave to amend the petition, because petitioner sought

8    leave to amend by reinstating a portion of Ground Nine, which he previously abandoned.  (ECF No.

9    60).  Petitioner filed a notice of appeal from this Court's order of July 28, 2011.  (ECF No. 61).  On

10   October 27, 2011, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction.

11   (ECF No. 66).  The Court now considers the answer and the reply.

12   **II.  Federal Habeas Corpus Standards**

13   The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

14   provides the legal standard for the Court's consideration of this habeas petition:

15       An application for a writ of habeas corpus on behalf of a person in
         custody pursuant to the judgment of a State court shall not be granted
16       with respect to any claim that was adjudicated on the merits in State
         court proceedings unless the adjudication of the claim –
17
18       (1) resulted in a decision that was contrary to, or involved an
         unreasonable application of, clearly established Federal law, as
         determined by the Supreme Court of the United States; or
19
20       (2) resulted in a decision that was based on an unreasonable
         determination of the facts in light of the evidence presented in the State
         court proceeding.
21

22   The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

23   in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

24   to the extent possible under law."  *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

25   decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

26

3

§ 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,* 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams,* 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III.  Discussion

#### A.  Procedural Default of Grounds Three and Fifteen

In the answer, respondents contend that Grounds Three and Fifteen of the petition are procedurally barred.

##### 1.  Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

4

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

5

1   *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

2   (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

3   suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

4   528, 530 n.3 (9th Cir. 1988).

5               **2.  Ground Three was Procedurally Defaulted in State Court on Independent
                    and Adequate State Grounds**

6

7           In Ground Three, petitioner claims that "the jacket evidence," which was used numerous

8   times by the prosecution during trial, could not be produced, leaving the defense without a rebuttal in

9   violation of the Fifth, Sixth, and Fourteenth Amendments.  (ECF No. 3, at p. 12).  The Nevada

    Supreme Court found this claim to be procedural barred:
10

11                  Next appellant claimed that the State discussed a jacket at trial, but
                    never produced it or admitted it into evidence.  Appellant could have
12                  raised this claim in his direct appeal, and appellant failed to
                    demonstrate good cause for his failure to do so.  NRS. 34.810(1)(b);
                    see also *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059
13                  (1994), overruled on other grounds by Thomas v. State, 115 Nev. 148,
                    979 P.2d 222 (1999).  Therefore, the district court did not err in
14                  denying this claim.

15  (Exhibit 135, at p. 8).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

16  application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and

17  adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v.*

18  *Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  This Court finds that Ground Three of the petition

19  was procedurally defaulted in state court on independent and adequate state law grounds.

20               **3.  Ground Fifteen was Procedurally Defaulted in State Court on Independent
                    and Adequate State Grounds**

21

22          In Ground Fifteen, petitioner claims that his motion for credit for time served should have

    been granted, and the court abused its discretion in denying the motion.  (ECF No. 26).  In its order
23
    filed February 4, 2010, the Nevada Supreme Court found the claim to be procedurally barred, as
24
    follows:
25

26
                                                    6

1

2

3

4

5

6

7

8

9

> A claim for presentence credits is a claim challenging the validity of the judgment and sentence that must be raised on direct appeal or in a post-conviction petition for a writ of habeas corpus in compliance with NRS chapter 34. See Griffin v. State, 122 Nev. 737, 744, 137 P.3d 1165, 1166 (2006). Thus, appellant's motion should have been treated as a post-conviction petition for writ of habeas corpus. Appellant's motion was procedurally defective as it was untimely filed, filed more than one year from the issuance of the remittitur on December 21, 2007, in the direct appeal, and successive because he had previously sought post-conviction relief in a post-conviction petition for a writ of habeas corpus. NRS. 34.726(1); NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant did not attempt to demonstrate good cause to excuse his procedural defects, and thus, the district court reached the correct result in denying the motion. NRS. 34.726(1); NRS 34.810(1)(b); NRS 34.810(3); see also Kramer v. Kramer, 96 Nev. 759, 616 P.2d 395 (1980) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

10  (ECF No. 26, at pp. 20-21). The Ninth Circuit has held application of the procedural bar at NRS

11  34.726(1) to be independent and adequate grounds. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th

12  Cir. 1996). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

13  application of the procedural bar of NRS 34.810 is an independent and adequate state ground. *Vang*

14  *v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-

15  12 (9th Cir. 1999). This Court finds that Ground Fifteen of the petition was procedurally defaulted

16  in state court on independent and adequate state law grounds.

17  **4. Cause and Prejudice**

18  Petitioner has not addressed the issue of procedural default and has not asserted any reason

19  for his failure to properly raise Grounds Three and Fifteen in the state courts. Neither the petition

20  itself, nor petitioner's other filings, addresses the procedural default of Grounds Three or Fifteen, or

21  asserts any argument of cause and prejudice to excuse the procedural default of these two claims.

22  This Court finds that Grounds Three and Fifteen of the petition were procedurally defaulted

23  in state court on independent and adequate state law grounds, and petitioner has not demonstrated

24  cause and prejudice to excuse the procedural default. As such, Grounds Three and Fifteen are barred

25  from review by this Court, and will be dismissed.

26

7

**B.  Merits Review of Federal Habeas Petition**

**1.  Ground One**

Petitioner alleges the State withheld exculpatory evidence and that appellate counsel was ineffective for failing to raise the claim on appeal.  (ECF No. 3, at p. 3).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy.  *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1,

5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential."  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)).  The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the "deferential lens of § 2254(d).'"  *Id.* at 1403 (internal citations omitted).  Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.

The *Strickland* standard applies to challenges of effective appellate counsel.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal.  *Id.*

The suppression by prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith of the prosecutor.  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  There are three components of a *Brady* violation: (1) the evidence at issue must be favorable to the accused either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State either willfully or inadvertently; and (3) prejudice must have ensued.  *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  "Such evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler v. Greene,* 527 U.S. at 280 (quoting *United States*

9

1  *v. Bagley*, 473 U.S. 667, 682 (1985)). "[T]here is never a real '*Brady* violation' unless the

2  nondisclosure was so serious that there is a reasonable probability that the suppressed evidence

3  would have produced a different verdict." *Strickler v. Greene,* 527 U.S. at 281.  A "reasonable

4  probability" is a probability sufficient to undermine confidence in the outcome. *United States v.*

5  *Bagley*, 473 U.S. at 681-82; *see also Kyles v. Whitley*, 514 U.S. 419, 434 (1995) ("The question is

6  not whether the defendant would more likely than not have received a different verdict with the

7  evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict

8  worthy of confidence.").

9         In ruling on petitioner's claim that his appellate counsel was ineffective for failing to raise the

10  issue on appeal that the State committed a *Brady* violation, the Nevada Supreme Court found and

11  held:

12             First, appellant claimed that his appellate counsel was ineffective for
            failing to argue that the State withheld exculpatory evidence in
13             violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  Appellant
            claimed that the State failed to disclose evidence concerning firearm
14             serial numbers.  Appellant claimed that the gun's owner initially told
            police the incorrect serial number for the handgun shortly after
15             discovering the weapon was stolen.  Appellant claimed that he should
            have been given the police report indicating the incorrectly reported
16             serial number.  Appellant failed to demonstrate that he was prejudiced.
            <u>Brady</u> and its progeny require a prosecutor to disclose favorable
17             exculpatory and impeachment evidence that is material to the defense.
            <u>See Strickler v. Greene</u>, 527 U.S. 263, 280 (1999); <u>see also Bennett v.</u>
18             <u>State</u>, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003).  A claim that the State
            committed a Brady violation must show that (1) the evidence at issue
19             is favorable to the accused; (2) the State failed to disclose the
            evidence, either intentionally or inadvertently; and (3) prejudiced
20             ensued, i.e., the evidence was material.  <u>Strickler</u>, 527 U.S. at 281-82.
            "If a defendant makes no request or only a general request for
21             information, the evidence is material when a reasonably probability
            exists that the result would have been different had it been disclosed."
22             <u>Bennett v. State</u>, 119 Nev. 48, 66, 993 P.2d at 8 (citing <u>Mazzan v.</u>
            <u>Warden</u>, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000)).  "However, if the
23             defense request is specific, the evidence is material upon the lesser
            showing that a reasonable possibility exists of a different result had
24             there been disclosure."  <u>Id.</u>

25             As appellant was not charged with the theft of the weapon, only
            possession of it, he failed to demonstrate how the gun owner's initial
26

                                          10

report to police about the theft would have had a reasonable probability of altering the outcome of his trial.  A review of the record reveals that there was substantial evidence of appellant's guilt given that a firearm was found along the path of appellant's flight from police and bullets of the same caliber as the firearm were found in appellant's jacket. Thus, appellant failed to demonstrate that this claim regarding the withholding of exculpatory evidence would have had a reasonable probability of success on appeal.  Therefore, the district court did not err in denying this claim.

(Exhibit 135, at pp. 2-3).  The Nevada Supreme Court cited to and applied the correct federal

standard for ineffective assistance of appellate counsel claims, citing *Jones v. Barnes*, 463 U.S. 745

(1983) and its progeny.  (*Id.*, at p. 2).  The Nevada Supreme Court further cited to and applied the

correct federal standard for the State's alleged withholding of exculpatory evidence, citing *Brady v.*

*Maryland*, 373 U.S. 83, 87 (1963) and its progeny.  (*Id.*, at pp. 2-3).  The factual findings of the state

court are presumed correct.  28 U.S.C. § 2254(e)(1).  There was no *Brady* violation, and petitioner's

appellate counsel was not ineffective.  Petitioner has failed to meet his burden of proving that the

Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the United States Supreme Court, or that the ruling was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding.  This Court denies habeas relief on Ground One of the federal petition.

**2. Ground Two**

Petitioner alleges that he was denied transcripts favorable to him and appellate counsel was

ineffective for failing to raise this issue on direct appeal.  (ECF No 3, at p. 8).  In ruling on

petitioner's claim that his appellate counsel was ineffective for failing to raise the issue on appeal

that the he was denied transcripts favorable to him, the Nevada Supreme Court found and held:

Sixth, appellant claimed that his appellate counsel was ineffective for failing to seek a missing portion of the trial transcript.  Appellant claimed that a portion of the cross-examination of Officer Dolan was missing from the trial transcript.  Appellant failed to demonstrate that he was prejudiced.  It does not appear from the record that there are any portions of Officer Dolan's testimony missing from the transcript. Further, appellant failed to demonstrate how the alleged missing testimony would have altered the outcome of his direct appeal.

1

> Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).  As
> such, appellant failed to demonstrate a reasonable probability that the
> outcome of his direct appeal would have been different had his trial
> [counsel] sought a missing portion of the trial transcript.  Therefore,
> the district court did not err in denying this claim.

2

3

4 (Exhibit 135, at pp. 7-8).  The factual findings of the state court are presumed correct.  28 U.S.C.

5 § 2254(e)(1).  Appellate counsel's performance was not deficient and petitioner was not prejudiced.

6 Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

7 contrary to, or involved an unreasonable application of, clearly established federal law, as

8 determined by the United States Supreme Court, or that the ruling was based on an unreasonable

9 determination of the facts in light of the evidence presented in the state court proceeding.  The Court

10 denies habeas relief on Ground Two of the federal petition.

11 **3. Ground Three**

12 Petitioner claims that the "jacket evidence," which was used numerous times by the

13 prosecution during trial, could not be produced, leaving the defense without a rebuttal in violation of

14 the Fifth, Sixth, and Fourteenth Amendments.  (ECF No. 3, at p. 12).  This claim is procedurally

15 barred, as discussed earlier in this order.

16 However, even assuming this Court considered the claim, it would fail.  On habeas review,

17 federal courts may not interfere with a state court evidentiary ruling, but may only consider whether

18 the evidence was so prejudicial that its admission violated fundamental due process and the right to a

19 fair trial.  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999); *Windham v. Merkle*, 163 F.3d 1092, 1103

20 (9th Cir. 1998); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (1993).  Petitioner has not alleged or

21 explained how entering the jacket into evidence would have helped his case.  Petitioner has not

22 alleged that the result of the trial would have been different if the jacket had been entered into

23 evidence.  This Court finds that, the evidence of the jacket, and whether or not it was entered into

24 evidence, was not so prejudicial that its admission or non-admission violated petitioner's

25 fundamental due process or his right to a fair trial.  Further, even assuming an error regarding failure

26

to admit the jacket into evidence, the error was harmless because petitioner suffered no prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993). Federal habeas relief is denied as to Ground Three of the petition, because it is both procedurally barred and lacks merit.

### 4. Ground Four

In Ground Four, petitioner claims that the trial court allowed the amendment of the criminal information by the State to include the habitual criminal allegation after the jury reached its verdict in violation of NRS 207.010. Petitioner further alleges that appellate counsel was ineffective for not raising these issues in Ground Four on direct appeal. (ECF No. 3, at p. 15).

As a substantive issue, Ground Four must fail. Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of federal constitutional law which establishes the right in question. In the instant case, petitioner does not allege violation of a federal constitutional right. Petitioner takes issue with the application of NRS 207.010 and the notice he received of the habitual criminal allegation. To the extent that petitioner raises a substantive issue regarding the application of NRS 207.010, it is a matter of state law and is not cognizable in a federal habeas corpus petition.

As a claim of ineffective assistance of counsel, petitioner's claim also fails. In ruling on this issue, the Nevada Supreme Court found and held:

> Third, appellant claimed that his appellate counsel was ineffective for failing to argue that the district court erred in allowing the filing of the notice of intent to seek treatment as a habitual criminal after the jury's verdict. Appellant failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced. Appellant's appellate counsel raised this issue in the briefs, but withdrew it during oral argument. Notice of intent to seek treatment as a habitual criminal may be filed following the "completion of the trial on the substantive offense. Such an amendment is discretionary providing it can be done without prejudice to the substantial rights of the defendant." <u>Hollander</u>

13

v. State, 82 Nev. 345, 353, 418 P.2d 802, 806 (1966).  As appellant had four previous felony convictions, he failed to demonstrate that he was not eligible for treatment as a habitual criminal.  See NRS 207.010.

Appellant further failed to demonstrate that his substantial rights were prejudiced by the filing of a notice after the jury's verdict.  Prior to sentencing, appellant claimed that he was not aware that the State could seek treatment as a habitual criminal and, if he had known of that possibility, he would not have chosen to represent himself.  Because the canvass for self-representation did not cover possible sentencing as a habitual criminal, the district court conducted a hearing to question counsel who represented appellant prior to the canvass about what appellant was informed of concerning possible treatment as a habitual criminal.  At the hearing, appellant's former trial counsel testified that he had explained to appellant that appellant could be sentenced as a habitual criminal, that he faced a possible term of life in prison, and that preliminary negotiations with the State had been conducted concerning treatment as a habitual criminal.  The district court concluded that appellant was informed of the possible sentences he faced as a habitual criminal, and therefore, he made a knowing and intelligent waiver of his right to counsel.  As such, appellant failed to demonstrate that his substantial rights were violated by the filing of the notice of intent to seek treatment as a habitual criminal after the jury's verdict was returned.  See Hymon v. State, 121 Nev. 200, 214-15, 111 P.3d 1092, 1102-03 (2005) (stating a waiver of counsel was knowing, voluntary, and intelligent, even though the canvass failed to specifically inform the defendant about the potential sentencing as a habitual criminal, because the record indicated that the defendant was aware of the consequences faced by being sentenced as a habitual criminal).  Thus, appellant failed to demonstrate a reasonable probability that the outcome of his direct appeal would have been different had his appellate counsel not withdrawn this issue during oral argument.  Therefore, the district court did not err in denying this claim.

(Exhibit 135, at pp. 4-5).  The factual findings of the state court are presumed correct.  28 U.S.C.

§ 2254(e)(1).  Appellate counsel's performance was not deficient and petitioner was not prejudiced.

Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the United States Supreme Court, or that the ruling was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding.  Habeas

relief is denied as to Ground Four of the federal petition.

14

**5. Ground Five**

Petitioner alleges that counsel was ineffective for failing to raise the issue that the trial court was without authority to grant the amendment by the State involving the habitual criminal enhancement. (ECF No. 3, at p. 19).  In ruling on this issue, the Nevada Supreme Court held:

> Fourth, appellant claimed that his appellate counsel was ineffective for failing to argue that the district court was without jurisdiction to allow an amended information to be filed charging him as a habitual criminal.  Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced.  A review of the record reveals that the State did not file an amended information, but rather a notice of intent to seek treatment as a habitual criminal.  NRS 173.095(2) provides that the prosecuting attorney may file a notice of criminal habituality after an indictment charging the primary offense is found.  As appellant had four previous felony convictions, appellant failed to demonstrate that the filing of notice of the State's intent to seek treatment as a habitual criminal was improper and failed to demonstrate that the district court was without jurisdiction to allow the filing of the notice.  Therefore, the district court did not err in denying this claim.

(Exhibit 135, at pp. 5-6).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Counsel's performance was not deficient and petitioner was not prejudiced.  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court denies habeas relief on Ground Five of the federal petition.

**6. Ground Six**

Petitioner alleges that he had a right to a jury trial to decide whether he was a habitual criminal and it should not have been decided by the judge.  Petitioner asserts that counsel was ineffective for failing to raise the issue.  (ECF No. 3, at p. 22).

Regarding petitioner's substantive claim, the Ninth Circuit has concluded that Nevada's habitual criminal statutes do not violate *Apprendi* and do not require a jury trial for the enhancement

15

as it is based solely on prior convictions and is discretionary. *Tilcock v. Budge*, 538 F.3d 1138 (9th Cir. 2008).  Because petitioner's allegations are identical to those in Tilcock, this Court denies habeas relief.

As to petitioner's claim that appellate counsel was ineffective for failing to raise the issue, the claim is without merit because, pursuant to *Tilcock*, counsel would have had no possibility of success on appeal.  Additionally, the Nevada Supreme Court found and held:

> Fifth, appellant claimed that his appellate counsel was ineffective for failing to argue that the jury should have decided the issue of criminal habituality.  Appellant failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced.  This court has held that a defendant is not entitled to a jury determination of criminal habituality.  See O'Neill v. State, 123 Nev. 9, 16, 153 P.3d 38, 43 (2007), cert. denied, ___ U.S. ___, 128 S. Ct. 153 (2007); see also Howard v. State, 83 Nev. 53, 57, 422 P.2d 548, 550 (1967) (holding that the Nevada Constitution does not require that status as a habitual criminal be determined by a jury).  Therefore, the district court did not err in denying this claim.

(Exhibit 135, at p. 6).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Appellate counsel's performance was not deficient and petitioner was not prejudiced. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Court denies habeas relief on Ground Six of the federal petition.

**7. Ground Seven**

Petitioner claims that his Fourth Amendment rights and speedy trial rights were violated because of excessive pretrial detention.  Petitioner takes issue with the length of time of his extradition from California.  Petitioner claims that counsel was ineffective for failing to raise the issue on appeal.  (ECF No. 3, at p. 25).

1    In determining whether the right to a speedy trial has been violated in any given case, the

2    court must weigh at least the following four factors: (1) the length of the delay; (2) the reason for the

3    delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant from the delay.

4    *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The assertion of the right to a speedy trial by the

5    accused is entitled to strong evidentiary weight in determining whether the right has been denied.  *Id.*

6    at 531. The four *Barker* factors must be considered together, and no single factor is either necessary

7    or sufficient.  *Moore v. Arizona*, 414 U.S. 25 (1973).  Prejudice to the accused is of paramount

8    concern in speedy trial cases.  *Id.*  Bare allegations of impairment of memory, witness unavailability,

9    or anxiety, unsupported by affidavits or other offers of proof, do not demonstrate a reasonable

10   probability that the defense will be impaired at trial or that defendants have suffered other significant

11   prejudice.  *See Saiz v. Eyman*, 446 F.2d 884 (9th Cir. 1971).

12   In this case, petitioner was extradited per the Interstate Agreement on Detainers.  The

13   Agreement is codified in Nevada as NRS 178.620.  The Agreement requires that a person being

14   extradited under the Agreement must be tried within 120 days of being transferred to the state where

15   the criminal complaint is pending.  NRS 178.620.  Petitioner's first appearance in the Nevada court

16   as held on or about May 31, 2005.  (Exhibit 1, at p. 2).  Petitioner's trial was held in August 2005.

17   (Exhibit 28).  Petitioner was being held in California on charges stemming from conduct in

18   California.  (Exhibit 135).  Petitioner was transferred back to Nevada as soon as proceedings were

19   completed.  As such, petitioner cannot show that the delay was prejudicial.  This Court finds that,

20   weighing the factors under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), petitioner's speedy trial

21   rights were not violated.  Thus, petitioner's appellate counsel was not ineffective for failing to raise

22   the speedy trial issue on appeal.  In addressing this issue, the Nevada Supreme Court found and held:

23          Seventh, appellant claimed that his appellate counsel was ineffective
            for failing to argue that the State violated his speedy trial rights.

24          Appellant argued that his right to a speedy trial was violated because
            he was in custody in California on a separate charge for a year prior to

25          his transfer to Nevada, which caused his trial on the instant offense to
            be more than one year after the arrest.  Appellant failed to demonstrate

26

17

that his appellate counsel's performance was deficient or that he was prejudiced.  Pursuant to the Interstate Agreement on Detainers, codified as NRS 178.620, a defendant that is subject to a detainer must be tried within 120 days of being transferred to the state where a complaint is pending.  Appellant was transferred to Nevada from California at the end of May 2005, and his trial was on August 15, 2005.  Thus, appellant was brought to trial within the 120-day period for a speedy trial.  Therefore, the district court did not err in denying this claim.

Appellant claimed that his appellate counsel was ineffective for failing to argue that there was no prompt determination of probable cause following his warrantless arrest.  Appellant claimed that the State of Nevada held him for approximately 25 days before his transfer to California without a probable cause determination, and that, due to the transfer to California, no probable cause determination was made for 15 months.  Appellant failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced. Following appellant's arrest in Nevada, appellant was held pursuant to a detainer from California.  See NRS 178.620.  Appellant signed a waiver of extradition on March 16, 2004.  A criminal complaint charging appellant with possession of a firearm by an ex-felon was not filed until April 16, 2004.  As such, appellant failed to demonstrate that he was improperly held by the State of Nevada prior to the transfer to California.  Appellant was transferred back to Nevada in May of 2005, a preliminary hearing was held on June 22, 2005, where a determination of probable cause was made.  As appellant was in custody pursuant to charges in California at the time of the filing of the complaint and a preliminary hearing was held shortly after his return from to the custody of the State of Nevada, appellant failed to demonstrate that the 15-month delay was inappropriate or that he was prejudiced.  Therefore, the district court did not err in denying this claim.

(Exhibit 135, at pp. 7-8).  The factual findings of the state court are presumed correct.  28 U.S.C.

§ 2254(e)(1).  Petitioner's speedy trial rights were not violated.  Appellate counsel's performance

was not deficient and petitioner was not prejudiced.  Petitioner has failed to meet his burden of

proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the United States Supreme Court, or

that the ruling was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding.  This Court denies habeas relief on Ground Seven of the

federal petition.

18

### 8. Ground Eight

Petitioner asserts that evidence of prior uncharged acts was improperly admitted at trial and counsel was ineffective for failure to raise claim on appeal.  (ECF No. 3, at p. 28).  Petitioner's ineffective assistance of counsel claim fails, because petitioner's appellate counsel raised the issue on direct appeal.  (Exhibit 89).  The Nevada Supreme Court considered and denied the claim. (Exhibit 104, at p. 5).  Petitioner has failed to show deficient performance of appellate counsel or prejudice, therefore, appellate counsel was not ineffective.

As to the substantive claim, federal habeas relief is generally not available to review questions about the admissibility of evidence.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  The Ninth Circuit has held that, on habeas review, federal courts may not interfere with a state evidentiary ruling, but may only consider whether the evidence was so prejudicial that its admission violated fundamental due process and the right to a fair trial.  *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999); *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (1993).  Federal courts "are not a state supreme court of errors; [they] do not review questions of state evidence law.  On federal habeas [the courts] may only consider whether the petitioner's conviction violated constitutional norms." *Jammal v. Van De Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) (citing *Engle v. Issac*, 456 U.S. 107, 119 (1982)).

"Failure to comply with the state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief.  While adherence to state evidentiary rules suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have a fair trial even when state standards are violated; conversely, state procedural and evidentiary rules may countenance processes that do not comport with fundamental fairness." *Jammal*, 926 F.2d at 919.

> Evidence introduced by the prosecution will often raise more than one inference, some permissible, some not; we must rely on the jury to sort them out in light of the court's instructions. [Footnote omitted].  Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process.  Even then, the evidence must be of such quality as necessarily prevents a fair trial.

1   *Jammal*, 926 F.2d at 920 (internal quotations omitted).

2       In the instant case, the evidence of the burglary of the Burns' home and the fact that

3   petitioner was found in a stolen vehicle were admitted as *res gestae* under the complete story

4   doctrine.  The evidence was relevant because evidence of the burglary connecting petitioner to the

5   gun was found in the stolen vehicle.  This includes the holster and coin collection found in the car.

6   The evidence tended to prove the fact that petitioner was in fact in possession of the gun and was *res*

7   *gestae* of the crime.  The state district court correctly admitted the evidence.  Moreover, the jury was

8   admonished about the proper use of such evidence.  The jury was specifically admonished that they

9   could not use the evidence to consider the burglary and the theft.  (Exhibit 28, at p. 70.)  Jurors are

10  presumed to follow the instructions that they are given.  *U.S. v. Olano,* 507 U.S. 725, 740 (1993); *see*

11  *Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987).  This Court finds that the admission of the evidence

12  of petitioner's prior uncharged acts (the burglary and vehicle theft) was not so prejudicial that its

13  admission violated due process or petitioner's right to a fair trial.

14      Finally, as noted earlier, the Nevada Supreme Court considered and denied the claim.

15  (Exhibit 104, at p. 5).  The factual findings of the state court are presumed correct.  28 U.S.C.

16  § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

17  ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as

18  determined by the United States Supreme Court, or that the ruling was based on an unreasonable

19  determination of the facts in light of the evidence presented in the state court proceeding.  This Court

20  denies habeas relief on Ground Eight of the federal petition.

21              **9.[2]  Ground Ten**

22      Petitioner claims that the trial court abused its discretion by introducing prior convictions

23  after petitioner agreed to stipulate to his felon status.  (ECF No. 3, at p. 34.)  The prosecution is

24

25      [2]  The Court notes that after this Court's finding that Ground Nine was unexhausted, petitioner
    formally abandoned Ground Nine of the federal petition.  (ECF No. 30).

26

1   entitled to prove a case by evidence of its choice, and a criminal defendant cannot stipulate or admit

2   his way out of the full evidentiary force of the case the government chooses to present. *Old Chief v.*

3   *United States*, 519 U.S. 172, 186 (1997). In the instant case, the State had to prove as an element of

4   the crime that petitioner was a felon at the time he possessed the firearm. NRS 202.360(1)(a).

5   Certified convictions are *prima facie* evidence of a felony conviction. NRS 50.095(6). The record in

6   this case indicates that, at the time of the entry of petitioner's convictions into evidence, no other

7   evidence of his felon status was properly before the jury. Thus, the admission of the convictions was

8   proper. Further, any error regarding the admission of the convictions was harmless because

9   petitioner admitted his felon status in open court. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993).

10          In addressing this claim, the Nevada Supreme Court found and held:

11          District courts have discretion to admit or exclude evidence, and this
            court reviews the exercise of that discretion for abuse. The exercise of
12          that discretion is not an abuse and will not constitute grounds for
            reversal unless the district court's decision is manifestly wrong.
13          Evidence is inadmissible "if its probative value is substantially
            outweighed by the danger of unfair prejudice, or confusion of the issue
14          or of misleading the jury." Relevant evidence "may [also] be excluded
            if its probative value is substantially outweighed by considerations of .
15          . . [the] needless presentation of cumulative evidence."

16          The prosecutor in this case bore the burden of proving that Barren had
            been an ex-felon in possession of a firearm. Accordingly, the evidence
17          that is relevant to the prosecution of that crime is evidence that tends to
            prove those facts. NRS 50.095(6) states that "[a] certified copy of a
18          conviction is prima facie evidence of [a] conviction."

19          Barren admitted to his status as an ex-felon. However, he did not
            formally stipulate to that status. Therefore, we conclude that the
20          district court acted within its discretion by admitting Barren's
            judgments of conviction.
21
22   (Exhibit 104, at pp. 4-5) (footnotes and citations omitted). The factual findings of the state court are

     presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that
23
     the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of,
24
     clearly established federal law, as determined by the United States Supreme Court, or that the ruling
25

26
                                                      21

1  was based on an unreasonable determination of the facts in light of the evidence presented in the

2  state court proceeding.  Habeas relief is denied as to Ground Ten of the federal petition.

3

4              **10.  Ground Eleven**

5        Petitioner claims that there was insufficient evidence to convict him.  (ECF No. 3, at p. 39).

6        When a habeas petitioner challenges the sufficiency of evidence to support his conviction, the

7  court reviews the record to determine "whether, after viewing the evidence in the light most

8  favorable to the prosecution, any rational trier of fact could have found the essential elements of the

9  crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. Wood*,

10  207 F.3d 557, 563 (9th Cir. 2000).  The *Jackson* standard does not focus on whether a correct guilt or

11  innocence determination was made, but whether the jury made a rational decision to convict or

12  acquit.  *Herrera v. Collins*, 506 U.S. 390, 402 (1993).  Under the *Jackson* standard, the prosecution

13  has no obligation to rule out every hypothesis except guilt.  *Wright v. West*, 505 U.S. 277, 296 (1992)

14  (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023.  *Jackson* presents "a high

15  standard" to habeas petitioners claiming insufficiency of the evidence.  *Jones v. Wood*, 207 F.3d 557,

16  563 (9th Cir. 2000).

17        Sufficiency claims are limited to a review of the record evidence submitted at trial.  *Herrera*,

18  506 U.S. at 402.  Such claims are judged by the elements defined by state law.  *Jackson*, 443 U.S. at

19  324, n.16).  The reviewing court must respect the exclusive province of the fact-finder to determine

20  the credibility of witnesses, to resolve evidentiary conflicts, and to draw reasonable inferences from

21  proven facts.  *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996).  The district court must

22  assume the trier of fact resolved any evidentiary conflicts in favor of the prosecution, even if the

23  determination does not appear on the record, and must defer to that resolution.  *Jackson*, 443, U.S. at

24  326.  The United States Supreme Court recently held that if a rational jury could infer guilt, the only

25  question under *Jackson v. Virginia*, 443 U.S. 307 (1979), is whether that finding was so

26

1    insupportable as to fall below the threshold of bare rationality, and the determination by the state

2    court was entitled to considerable deference under the AEDPA. *Coleman v. Johnson*, 132 S.Ct.

3    2060, 2062, 2064-65 (2012).

4            In addressing petitioner's claim of insufficiency of the evidence, the Nevada Supreme Court

5    found and held as follows:

6                    In a criminal case, the standard of review for sufficiency of the
                evidence is "whether any rational trier of fact could have found the
7                essential elements of the crime beyond a reasonable doubt, after
                viewing the evidence in the light most favorable to the prosecution. It
8                is well established that "[c]ircumstantial evidence alone may sustain a
                conviction. It is equally well established that this court "will not
9                disturb a verdict on appeal if it is supported by substantial evidence."

10                   In this case, the State bore the burden of proving, beyond a reasonable
                doubt, that Barren (1) is an ex-felon and (2) was in possession of a
11               firearm. We conclude that the State satisfied that burden. Barren
                admitted that he was an ex-felon, and his prior judgments of
12               conviction are additional evidence of that fact. Additionally, there is
                ample evidence in the record on which a rational fact finder could find
13               beyond a reasonable doubt that Barren had been in possession of a
                firearm.
14
15   (Exhibit 104, at p. 3) (footnotes and citations omitted). The Nevada Supreme Court applied the

16   correct federal standard for sufficiency of the evidence claim. There is sufficient evidence in the

17   record such that any rational trier of fact could have found the essential elements of the crime beyond

18   a reasonable doubt. The factual findings of the state court are presumed correct. 28 U.S.C.

19   § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

20   ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as

21   determined by the United States Supreme Court, or that the ruling was based on an unreasonable

22   determination of the facts in light of the evidence presented in the state court proceeding. This Court

23   denies habeas relief as to Ground Eleven of the federal petition.

24           **11. Ground Twelve**

25           Petitioner asserts that the trial court failed to conduct a proper *Faretta* canvass and violated

26   his Sixth Amendment rights. (ECF No. 3, at p. 42).

                                                    23

1    The United States Supreme Court addressed a criminal defendant's right to waive counsel in

2  *Faretta v. California*, 422 U.S. 806, 835 (1975).  The canvass conducted by the court when a

3  criminal defendant waives his right to counsel need not follow a particular script, but defendant must

4  be informed of the charges, the right to counsel, the range of punishments, as well as the dangers and

5  disadvantages of self-representation.  *Iowa v. Tovar*, 541 U.S. 77, 88 (2004).  A knowing and

6  intelligent waiver requires awareness of the charges, possible penalties, and dangers and

7  disadvantages of self-representation.  *United States v. Robinson*, 913 F.2d 712, 716 (9th Cir. 1990).

8    In ruling on petitioner's claim that the trial court conducted an insufficient *Faretta* canvass,

9  on direct appeal, the Nevada Supreme Court found and held:

10        A criminal defendant has the right to represent himself under the Sixth
          Amendment of the United State Constitution and under the Nevada
11        constitution.  However, this court concluded in Hymon v. State that a
          defendant must first demonstrate, to the district court, that he
12        knowingly, voluntarily, and intelligently waives his right to counsel.
          To satisfy that threshold, district courts are required to inquire into the
13        defendant's understanding of the case and "inform the defendant of
          some of the dangers, disadvantages, and consequences of self-
14        representation."  However, this court has rejected the idea that a
          Faretta canvass has to be conducted in a strict mechanical fashion and
15        has held that even the omission of a canvass does not constitute
          reversible error if, from the whole record, it appears that the defendant
16        was aware of his rights and insisted on proceeding in proper person.

17        In this case, before allowing Barren to represent himself, the district
          court inquired into Barren's understanding of his rights, the
18        circumstances of his case, criminal trial procedure, the penalty of the
          crimes for which he was accused, and his right to the assistance of
19        counsel by a court-appointed attorney.  Barren affirmed to the district
          court that he understood its concerns and insisted on proceeding to trial
20        without counsel.  We conclude that the district court did not err in this
          case because it adequately canvassed Barren, consistent with Hymon,
21        before proceeding to trial.

22  (Exhibit 104, at pp. 2-3) (footnotes and citations omitted).  Additionally, in the appeal from the

23  denial of petitioner's state habeas petition, the Nevada Supreme Court addressed petitioner's

24  argument that the *Faretta* hearing was insufficient to make him aware that the State could seek

25  treatment as a habitual criminal:

26

24

Appellant further failed to demonstrate that his substantial rights were prejudiced by the filing of a notice after the jury's verdict. Prior to sentencing, appellant claimed that he was not aware that the State could seek treatment as a habitual criminal and, if he had known of that possibility, he would not have chosen to represent himself. Because the canvass for self-representation did not cover possible sentencing as a habitual criminal, the district court conducted a hearing to question counsel who represented appellant prior to the canvass about what appellant was informed of concerning possible treatment as a habitual criminal. At the hearing, appellant's former trial counsel testified that he had explained to appellant that appellant could be sentenced as a habitual criminal, that he faced a possible term of life in prison, and that preliminary negotiations with the State had been conducted concerning treatment as a habitual criminal. The district court concluded that appellant was informed of the possible sentences he faced as a habitual criminal, and therefore, he made a knowing and intelligent waiver of his right to counsel. As such, appellant failed to demonstrate that his substantial rights were violated by the filing of the notice of intent to seek treatment as a habitual criminal after the jury's verdict was returned. See Hymon v. State, 121 Nev. 200, 214-15, 111 P.3d 1092, 1102-03 (2005) (stating a waiver of counsel was knowing, voluntary, and intelligent, even though the canvass failed to specifically inform the defendant about the potential sentencing as a habitual criminal, because the record indicated that the defendant was aware of the consequences faced by being sentenced as a habitual criminal). Thus, appellant failed to demonstrate a reasonable probability that the outcome of his direct appeal would have been different had his appellate counsel not withdrawn this issue during oral argument. Therefore, the district court did not err in denying this claim.

(Exhibit 135, at pp. 4-5). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner's *Faretta* canvass was constitutionally adequate and petitioner's appellate counsel was not ineffective. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief on Ground Twelve of the federal petition.

### 12. Ground Thirteen

Petitioner claims that the trial court erred in overruling petitioner's objections to jury instructions in violation of the Sixth and Fourteenth Amendments. (ECF No. 3, at p. 44).

25

1        To obtain federal habeas relief based on an improper jury instruction, petitioner must

2    establish that the instruction so infected the entire trial that the resulting conviction violates due

3    process. *Masoner v. Thurman*, 996 P.3d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62,

4    72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977).  Demonstrating that an erroneous

5    instruction was so prejudicial that it will support a collateral attack on the Constitutional validity of a

6    state court's judgment requires the court to determine "whether the ailing instruction by itself so

7    infected the entire trial that the resulting conviction violates due process," not whether the instruction

8    is "undesirable, erroneous, or even universally condemned."  *Henderson v. Kibbe,* 431 U.S. at 154

9    (citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 72 (1991).  In reviewing jury instructions, the

10   court inquires as to whether the instructions as a whole are misleading or inadequate to guide the

11   jury's deliberation.  *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v.*

12   *Frega,* 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted).  The question is whether

13   an instruction so infected the entire trial that the resulting conviction violated due process.  *Estelle*,

14   502 U.S. at 72.  An instruction may not be judged in isolation, "but must be considered in the context

15   of the instructions as a whole and the trial record."  *Id.*  Furthermore, jurors are presumed to follow

16   the instructions that they are given.  *U.S. v. Olano,* 507 U.S. 725, 740 (1993).

17       In the instant case, petitioner challenges Jury Instruction No. 3, which explained the charge of

18   an ex-felon in possession of a firearm and included the felony convictions discussed above as part of

19   what was plead in the information.  As discussed earlier in this order, petitioner admitted to being a

20   felon.  Petitioner's convictions were properly admitted before the jury as evidence because it was an

21   element of the crime that the defendant be a felon.  Petitioner can show no prejudice, as the jury was

22   already aware of the convictions prior to reading Jury Instruction No. 3.  As such, the instruction

23   could not have infected proceeding such that the entire trial and resulting conviction violated due

24   process.  Notably, the Nevada Supreme Court found and held: "We have carefully considered

25   Barren's other arguments and conclude that they lack merit.  We further concluded that the district

26

                                                      26

1    court's errors, if any, are harmless beyond a reasonable doubt." (Exhibit 104, at p. 5).  The factual

2    findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to

3    meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an

4    unreasonable application of, clearly established federal law, as determined by the United States

5    Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of

6    the evidence presented in the state court proceeding.  This Court denies habeas relief as to Ground

7    Thirteen of the federal petition.

8                                    **13. Ground Fourteen**

9            Petitioner claims that the prosecutor committed misconduct during closing argument.  (ECF

10   No. 3, at p. 49).  Petitioner claims that the prosecutor improperly commented on his status as a felon,

11   the strength of the evidence, and on petitioner's status as *pro per* litigant.  (*Id.*).

12           In reviewing prosecutorial misconduct claims, the narrow issue that the federal habeas court

13   may consider is whether there was a violation of due process, and not whether there was misconduct

14   under the court's broad exercise of supervisorial power.  *Darden v. Wainwright*, 477 U.S. 168, 181

15   (1986).  The test is whether the conduct "so infected the trial with unfairness as to make the resulting

16   conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  The

17   Court must distinguish ordinary trial error of a prosecutor from that sort of egregious misconduct

18   which amounts to a constitutional violation of due process.  *Smith v. Phillips*, 455 U.S. 209, 221

19   (1982).  The question before the court is not whether misconduct denied a fair trial, but whether the

20   state court's conclusion was an unreasonable application of clearly established federal law under 28

21   U.S.C. § 2254(d)(1).  *See Frazier v. Huffman*, 343 F.3d 780, 793 (6th Cir. 2003).

22           In the instant case, this Court discerns no prosecutorial misconduct.  The prosecutor spoke

23   about petitioner's status as a felon, because it was an element of the crime of being a felon in

24   possession of a firearm.  NRS 202.360(1)(a).  It was not misconduct for the prosecutor to explain to

25   the jury that the case was proven beyond a reasonable doubt.  Finally, the prosecutor's statement that

26

the jury should not base their verdict on sympathy for the defendant because he was *pro per* did not

so infect the trial with unfairness as to make the resulting conviction a denial of due process.

Moreover, the Nevada Supreme Court denied the claim.  (Exhibit 104, at p. 5).  This Court denies

habeas relief on Ground Fourteen of the federal petition.

### 14. Ground Fifteen

Petitioner claims that his motion for credit for time served should have been granted, and the

court abused its discretion in denying the motion.  (ECF No. 26).  On February 4, 2010, the Nevada

Supreme Court issued an order affirming the denial of the motion for credits for time served.  (ECF

No. 26, at pp. 20-22).  As discussed earlier in this order, Ground Fifteen was procedurally defaulted

in state court on independent and adequate grounds.  However, even assuming this Court considered

the claim, it would fail.  Petitioner has submitted no evidence in the record that the pre-sentence time

credit he alleges was not given to him was actually earned or that the calculation was incorrect.  The

Nevada Supreme Court denied this claim.  (ECF No. 26, at pp. 20-21).  The factual findings of the

state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of

proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the United States Supreme Court, or

that the ruling was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding.  Federal habeas relief is denied as to Ground Fifteen because

it is both procedurally barred and lacks merit.

## IV.  Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28

U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

(9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

1  (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

2  assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In

3  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

4  debatable among jurists of reason; that a court could resolve the issues differently; or that the

5  questions are adequate to deserve encouragement to proceed further.  *Id.*

6          Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

7  2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

8  order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice

9  of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

10  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

11  issuance of a certificate of appealability, and determines that none meet that standard.  The Court

12  therefore denies petitioner a certificate of appealability.

13  **V.  Conclusion**

14          **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED**

15  **IN ITS ENTIRETY**.

16          **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

17  **APPEALABILITY.**

18          **IT IS FURTHER ORDERED** that petitioner's motion for a copy of the docket sheet (ECF

19  No. 70) is **GRANTED**.  The Clerk of Court **SHALL SEND** petitioner a printout of the CM/ECF

20  docket sheet in this action.

21          **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

22  **ACCORDINGLY.**

23          Dated this ___15th___ day of August, 2012.

24

25          _____
            UNITED STATES DISTRICT JUDGE

26