UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD ROBIN BARREN,<br><br>        Petitioner,<br>v.<br><br>HOWARD SKOLNIK, et al.,<br><br>        Respondents. | Case No. 2:09-cv-01202-RFB-VCF<br><br>ORDER |

This closed *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court on petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 91). Respondents have opposed (ECF No. 93), and petitioner has replied. (ECF No. 94). In addition, petitioner has filed a "motion to exercise supplemental jurisdiction." (ECF No. 95).

Petitioner initiated this habeas action in June 2009, and it was denied on the merits on August 15, 2012. (ECF No. 71). On or after September 24, 2012, petitioner filed a motion for certificate of appealability and a notice of appeal with the Ninth Circuit Court of Appeals. (ECF Nos. 73 & 77). The Court denied petitioner's motion for certificate of appealability. (ECF No. 75). Around the same time, petitioner filed a motion for extension of time with the Ninth Circuit Court of Appeals, which the Ninth Circuit construed as a motion for extension of time to file a notice of appeal and remanded for consideration by this Court. (ECF No. 77). In his motion and reply, petitioner asserted that he was unable to timely file his notice of appeal because his requests for law library access had been denied. (*See* ECF No. 79). This Court denied the motion for extension of time, holding

1

that petitioner had failed to show either good cause or excusable neglect. FRAP 4(a)(5). (ECF No. 80). The Ninth Circuit agreed, and accordingly dismissed petitioner's appeal for lack of jurisdiction. (ECF No. 83). Nearly six years later, petitioner filed the instant motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6).

A petitioner may seek relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b) under a limited set of circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). However, "[h]abeas corpus petitions cannot utilize a Rule 60(b) motion to make and end-run around the requirements of the AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 773 F.3d 825, 833 (9th Cir. 2013). A motion is a legitimate Rule 60(b) motion if it attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. If a motion asserts a new claim, including a challenge to the court's determination on the merits, the motion is not properly considered a Rule 60(b) motion and instead should be treated as a second or successive petition. *Id.* at 529-32.

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner asserts relief pursuant to Rule 60(b)(6), arguing that he is entitled to such due to "extraordinary circumstances." The extraordinary circumstances he points to are those he alleged in a 2013 civil rights complaint, in Case No. 2:13-cv-01492-RCJ-GWF. In that complaint, petitioner asserted that he was denied law library access, which prevented him from timely filing his notice of appeal in this habeas action. The allegations petitioner asserts ones that he could have raised, or in fact did raise, when originally seeking an extension of time to appeal in 2012. Petitioner appears to argue that he did not raise these claims earlier in this action due to his ongoing litigation. But nothing about petitioner's pending civil rights complaint justifies waiting until January 2019 to file a motion for Rule 60(b) relief in this case, particularly where the civil rights proceedings were not resolved in petitioner's favor and were dismissed for failure to prosecute more than a year before petitioner filed his Rule 60(b) motion. The Court concludes that petitioner did not file his Rule 60(b) motion within a "reasonable time," and the motion will therefore be denied on those grounds.

Turning to petitioner's motion for this court to exercise "supplemental jurisdiction," petitioner asks the Court to adjudicate a habeas petition he has pending in state court, which asserts that his good time credits have been improperly calculated. Notwithstanding the fact that federal courts typically abstain from intervention in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and do not typically consider unexhausted claims, such as those petitioner now asserts, the motion is an improper attempt to reopen these closed proceedings and will therefore be denied on that basis. Should petitioner wish to pursue the habeas claims asserted in his motion, he may attempt to do so in a new action only.

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (ECF No. 91) is DENIED.

IT IS FURTHER ORDERED that petitioner's motion to exercise supplemental jurisdiction (ECF No. 95) is DENIED.

The Clerk of Court shall send petitioner a copy of this court's form and instructions for a habeas petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

DATED this 22nd day of April, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE